B. A. DOLAN, Appellant, v. JOHN MAXWELL and W. C. HOWELL, Appellees.

**Costs:** DISCLAIMER: DISCRETION.   Even though a party fails to file
1   his disclaimer at the appearance term, thus giving him an absolute right to his costs under the statute, still if filed later the question of costs is discretionary with the court, and if the discretion is fairly exercised in awarding him costs the order will not be disturbed.

**Quieting title:** INTERVENTION: PARTIES.   This action is to quiet title
2   in plaintiff to certain lands sold for taxes to defendant, to whom a certificate issued.   The petition alleged that in making the purchase at tax sale the defendant acted as agent of a mortgagee, who was authorized to pay the taxes and recover the same under the mortgage.   The mortgage was foreclosed and plaintiff contends that such purchase by the agent of the mortgagee constituted payment of the taxes, and that the foreclosure of the mort-

gage was an adjudication of the amount due therefor. The defendant disclaimed any interest in the suit and alleged an assignment of the certificate of sale to the mortgagee, and that it in turn had assigned it to another. *Held,* that the assignee of the mortgagee as a party in interest was properly permitted to intervene and defend.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

SATURDAY, OCTOBER 23, 1909.

THIS is an action to quiet title. It was brought originally against W. C. Howell alone as defendant. The defendant Howell filed a disclaimer of any interest, and other parties intervened. There was a decree for the plaintiff against the defendant Howell, without costs. There was also an order permitting John Maxwell to intervene as defendant. Plaintiff appeals.—*Affirmed.*

*A. L. Parsons* and *B. A. Dolan,* for appellant.

*H. Scott Howell & Son,* for appellees.

EVANS, C. J.—It appears from the petition that the plaintiff is the owner of certain real estate described therein, which was sold for taxes to the defendant W. C. Howell, in the year 1900, and to whom a tax certificate was issued therefor. It was averred that in making such purchase defendant Howell acted as agent for a mortgagee, the Midland Blast Company, which was authorized by its mortgage to pay the taxes and to recover therefor under its mortgage, and that such mortgage was afterwards foreclosed and decree entered thereon. The contention of the plaintiff was that such purchase at tax sale by the agent of mortgagee constituted a payment of the taxes under the mortgage, and that the decree of foreclosure of the mortgage adjudicated the amount

due thereon, including the taxes so paid. The petition asked that the cloud caused by the tax sale be removed from his title. The defendant Howell appeared and filed a motion for more specific statement. The plaintiff confessed the motion and amended his petition. Thereupon the defendant Howell filed a disclaimer of any interest in the real estate, and averred that, prior to the commencement of the suit, he had assigned the certificate of sale to Midland Blast Company, and that such Midland Blast Company had assigned the same to John Maxwell. On the same day John Maxwell appeared and filed a motion, asking leave to intervene as defendant. Afterwards, on motion of the plaintiff, the court entered a decree quieting the title of plaintiff against defendant W. C. Howell, but without costs. It also entered an order permitting Maxwell to intervene as defendant.

I.    Appellant's first complaint is that he was entitled to recover costs against defendant Howell notwithstanding the disclaimer. The reason urged is that the disclaimer was not made at the appearance term. It appears from the record that plaintiff's "amended petition" was filed on June 6, 1906. It is stated in argument that this was the last day of the May term. The disclaimer was filed on September 4, 1906, which we assume was in the next succeeding term of court. Section 4225, Code, is as follows: "If the defendant appears and disclaims all right, title and interest adverse to the plaintiff, he shall recover his costs. In all other cases the costs shall be in the discretion of the court." We have no occasion to determine whether the failure of the defendant to file his disclaimer at the appearance term deprived him of the right to demand an exemption from costs. If it did, the question was still left, under the statute, "in the discretion of the court." Its discretion was fairly exercised, and we can find no fault with it.

1. Costs:
   disclaimer:
   discretion.

II.    The decree and the order in question were entered on March 30, 1908. The order permitting Maxwell to de-

fend required an answer to be filed the following day.   The
record does not disclose whether any answer
was filed, nor whether any further proceed-
ings were ever had.   Plaintiff's appeal was
taken September 23, 1908.   The court properly permitted
Maxwell, as a party in interest, to appear and defend.   And
even if such order of the court were erroneous, it is not made
to appear by this record that the plaintiff suffered any preju-
dice by it.   We do not pass upon the merits of Maxwell's de-
fense..   This is not presented to us, except by inference.   He
is entitled to his day in court.   We think the trial court
acted within its discretionary power on both questions.—
*Affirmed.*

*2. QUIETING TITLE: intervention: parties.*